UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL PEREZ, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>       Plaintiffs,<br><br>  v.<br><br>66 MEAT CORP., 50-01 MEAT CORP., 205 MEAT CORP., 509 MEAT CORP., AMEED MUJALLI, and MOHAMMAD MUJALLI,<br><br>       Defendants. | **Civil Action No. 22-7003** |

Defendants, 66 Meat Corp., 50-01 Meat Corp., 205 Meat Corp., 509 Meat Corp., Ameed Mujalli, and Muhammad Mujalli, by their attorneys, Clifton Budd & DeMaria, LLP, for their Answer to the Complaint, allege as follows:

## NATURE OF THE ACTION

1. Deny the allegations in paragraph 1 of the Complaint, except to admit that the named Plaintiff purports to bring the claims asserted.

2. Deny the allegations in paragraph 2 of the Complaint, except to admit that the named Plaintiff purports to seek to represent a class of persons.

## JURISDICTION AND VENUE

3.   Deny the allegations in paragraph 3 of the Complaint, except to admit that this Court has subject matter and supplemental jurisdiction over proper claims brought pursuant to the law cited therein.

4.   Deny the allegations in paragraph 4 of the Complaint, except to admit that this Court has federal questions jurisdiction over proper claims brought pursuant to the law cited therein.

5.   Deny the allegations in paragraph 5 of the Complaint, except to admit that venue over the purported claims is properly placed in this Court.

## THE PARTIES

**Plaintiff Angel Perez**

6.   Deny the allegations in paragraph 6 of the Complaint, except to admit that Plaintiff worked in Corporate Defendants' grocery stores and, among other things, performed work as a butcher.

7.   Deny the allegations in paragraph 7 of the Complaint, except to admit that Plaintiff was employed in a supervisory capacity during periods of time from in or around June 2015 through in or around September 2022.

8.   Deny the allegations in paragraph 8 of the Complaint, except to admit that Plaintiff was employed in a supervisory capacity during periods of time from in or around February 2021 through in or around May 2022.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and respectfully refers to the Court the proper resolution of questions of law.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and respectfully refers to the Court the proper resolution of questions of law.

**Defendant 66 Meat Corp.**

11. Deny the allegations in paragraph 11 of the Complaint, except to admit that Defendant 66 Meat Corp. is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 66 Front Street, Brooklyn, New York.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 66 Meat Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 66 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 66 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

15. Deny the allegations in paragraph 15 of the Complaint, except to admit that Defendant 66 Meat Corp. possessed substantial control of the working conditions and employment policies and practices of Plaintiff and other employees.

16. Admit the allegations in paragraph 16 of the Complaint.

**Defendant 50-01 Meat Corp.**

17. Deny the allegations in paragraph 17 of the Complaint, except to admit that 50-01 Meat Corp. is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 50-01 2nd Street, Long Island City, New York.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 50-01 Meat Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except to admit that at certain times

4

referenced in the allegations of the Complaint Defendant 50-01 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 50-01 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

21. Deny the allegations in paragraph 21 of the Complaint, except to admit that Defendant 50-01 Meat Corp. possessed substantial control of the working conditions and employment policies and practices of Plaintiff and other employees.

22. Admit the allegations in paragraph 22 of the Complaint.

**Defendant 205 Meat Corp.**

23. Deny the allegations in paragraph 23 of the Complaint, except to admit that 205 Meat Corp. is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 205 Smith Street, Brooklyn, New York.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 205 Meat Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 205 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 205 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

27. Deny the allegations in paragraph 27 of the Complaint, except to admit that Defendant 205 Meat Corp. possessed substantial control of the working conditions and employment policies and practices of Plaintiff and other employees.

28. Admit the allegations in paragraph 28 of the Complaint.

**Defendant 509 Meat Corp.**

29. Deny the allegations in paragraph 29 of the Complaint, except to admit that 509 Meat Corp. is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 509 5th Avenue, Brooklyn, New York.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 509 Meat Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services

for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 509 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except to admit that at certain times referenced in the allegations of the Complaint Defendant 509 Meat Corp. employed employees, including Plaintiff, and respectfully refers to the Court the proper resolution of questions of law.

33. Deny the allegations in paragraph 33 of the Complaint, except to admit that Defendant 509 Meat Corp. possessed substantial control of the working conditions and employment policies and practices of Plaintiff and other employees.

34. Admit the allegations in paragraph 34 of the Complaint.

**Ameed Mujalli**

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except to admit that at certain times relevant to the allegations in the lawsuit Ameed Mujalli was engaged in business for 50-01 Meat Corp.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

**Muhammad Mujalli**

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except to admit that at certain times relevant to the allegations in the lawsuit Mohammad Mujalli was engaged in business for the Corporate Defendants.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Admit the allegations in paragraph 42 of the Complaint.

43. Admit the allegations in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

**Defendants Constitute Joint Employers**

45. Deny the allegations in paragraph 45 of the Complaint, except to admit that the Corporate Defendants individually owned, operated or controlled grocery stores where Plaintiff worked at various times.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

53. Deny the allegations in paragraph 53 of the Complaint.

## FACTUAL ALLEGATIONS

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint, except to admit that Plaintiff worked in the Corporate Defendants' grocery stores at certain times and, among other things, performed work as a butcher.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint.

62. Deny the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny the allegations in paragraph 65 of the Complaint.

66. Deny the allegations in paragraph 66 of the Complaint.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. Deny the allegations in paragraph 70 of the Complaint.

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Deny the allegations in paragraph 73 of the Complaint.

74. Deny the allegations in paragraph 74 of the Complaint.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint, and respectfully refer to the Court the proper resolution of questions of law.

80. Deny the allegations in paragraph 80 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

81. Deny the allegations in paragraph 81 of the Complaint, except to admit that Plaintiff purports to bring a collective action pursuant to the law cited therein.

82. Deny the allegations in paragraph 82 of the Complaint.

83. Deny the allegations in paragraph 83 of the Complaint.

84. Deny the allegations in paragraph 84 of the Complaint.

## FIRST CLAIM

### (FLSA – Unpaid Minimum Wages, 29 U.S.C. §201 et seq.)

85. Defendants repeat and reallege their responses to paragraph 1-84 of the Complaint as if set forth fully herein.

86. Deny the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint.

88. Deny the allegations in paragraph 88 of the Complaint.

## SECOND CLAIM

### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §201 et seq.)

89. Defendants repeat and reallege their responses to paragraphs 1-88 of the Complaint as if set forth fully herein.

90. Deny the allegations in paragraph 90 of the Complaint.

91. Deny the allegations in paragraph 91 of the Complaint.

92. Deny the allegations in paragraph 92 of the Complaint.

93. Deny the allegations in paragraph 93 of the Compliant.

94. Deny the allegations in paragraph 94 of the Compliant.

### THIRD CLAIM

### (NYLL – Unpaid Minimum Wages, N.Y.Stat. §650 et seq.)

95. Defendants repeat and reallege their responses to paragraphs 1-94 of the Complaint as if set forth fully herein.

96. Deny the allegations in paragraph 96 of the Complaint.

97. Deny the allegations in paragraph 97 of the Complaint.

98. Deny the allegations in paragraph 98 of the Complaint.

### FOURTH CLAIM

### (NYLL – Unpaid Overtime Wages)

99. Defendants repeat and reallege their responses to paragraphs 1-98 of the Complaint as if set forth fully herein.

100. Deny the allegations in paragraph 100 of the Complaint.

101. Deny the allegations in paragraph 101 of the Complaint.

102. Deny the allegations in paragraph 102 of the Complaint.

103. Deny the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint.

### FIFTH CLAIM

### (NYLL WTPA – Failure to Provide Wage Notices)

105. Defendants repeat and reallege their responses to paragraphs 1-104 of the Complaint as if set forth fully herein.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint and respectfully refers to the Court the interpretation of the law.

107. Deny the allegations in paragraph 107 of the Complaint.

108. Deny the allegations in paragraph 108 of the Complaint.

## SIXTH CLAIM

### (Violation of the Wage Statement Provisions of the NYLL)

109. Defendants repeat and reallege their responses to paragraphs 1-108 of the Complaint as if set forth fully herein.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint and respectfully refers to the Court the interpretation of the law.

111. Deny the allegations in paragraph 111 of the Complaint.

## SEVENTH CLAIM

### (Failure to Pay Timely Wages)

112. Defendants repeat and reallege their responses to paragraphs 1-111 of the Complaint as if set forth fully herein.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint and respectfully refers to the Court the interpretation of the law.

114. Deny the allegations in paragraph 114 of the Complaint.

115. Deny the allegations in paragraph 115 of the Complaint.

## EIGHTH CLAIM

### (NYLL – Spread of Hours Pay)

116. Defendants repeat and reallege their responses to paragraphs 1-115 of the Complaint as if set forth fully herein.

117. Deny the allegations in paragraph 117 of the Compliant.

118. Deny the allegations in paragraph 118 of the Compliant.

119. Deny the allegations in paragraph 119 of the Compliant.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any applicable statute(s) of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant acted in good faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim of alleged, unpaid overtime wages is *de minimus*.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant has complied in good faith with all applicable laws and regulations in reliance on applicable regulatory interpretations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Individual issues predominate over issues alleged to be general to the collective action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The complained-of actions were neither willful nor intentional.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

Plaintiff has received all compensation to which he is entitled under the FLSA and NYLL.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

Any monies claimed to be due must be offset by any monies paid to Plaintiff but not required to be paid under the FLSA or NYLL, as applicable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the requirements for certification of a collective action under the FLSA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defenses provided for in New York Labor Law s. 198.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was exempt from overtime pay.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff received sufficient wages such that spread of hours pay was not required.

Defendants reserve the right to amend or supplement these affirmative defenses as additional plaintiffs, claims and/or defenses are identified.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, and requests that this Court grant Defendants their costs, attorneys' fees and such other and further relief that this Court deems just and proper.

Dated: New York, New York
May 16, 2023

Respectfully submitted,

s/ Scott M. Wich
‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌
Scott M. Wich, Esq.
Douglas P. Catalano, Esq.
Clifton Budd & DeMaria, LLP
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York  10118
Phone: (212) 687-7410
Fax: (212) 842-5235
E-Mail: smwich@cbdm.com

17